**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH FORMAN,                  :
                                :    Civil Action No. 04-5309 (JLL)
        Petitioner,             :
                                :
        v.                      :    **OPINION**
                                :
RONALD CATHEL, et al.,          :
                                :
        Respondents.            :

**APPEARANCES:**

    JOSEPH FORMAN, Petitioner Pro Se
    #275728/SBI
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625-0861

    PAULA T. DOW, ESQ.
    Essex County Prosecutor
    Essex County Courts Building
    Newark, New Jersey 07102
    Counsel for Respondents

**LINARES**, District Judge

This matter is before the Court on Petitioner Joseph Forman's motion for summary judgment (Docket Entry No. 13) with respect to his petition for habeas corpus relief under 28 U.S.C. § 2254. This motion is decided without oral argument pursuant to Fed.R.Civ.P. 78. For reasons discussed below, petitioner's motion for summary judgment will be denied.

### I.  DISCUSSION

On October 29, 2004, petitioner, Joseph Forman ("Forman"), filed a petition for habeas corpus relief, pursuant to 28 U.S.C.

§ 2254, challenging his 1995 state court conviction for felony murder, robbery, and weapons charges.  Forman raises fifteen grounds for relief, mostly with respect to claims of ineffective assistance of trial counsel and alleged errors by the trial court in its instructions to the jury.  On June 22, 2005, the respondents filed an answer to the petition with the relevant state court record.  In its answer, the respondents argue that petitioner's grounds for relief lack merit and are not supported by the record.

On October 31, 2005, Forman filed a motion for summary judgment, seeking issuance of the writ.  He asserts that his petition sets forth dispositive facts admitted in the respondents' answer and supported by the trial record.  Principally, Forman argues that there was no predicate felony offense of robbery to justify a conviction for felony murder and robbery based on the allegation that the decedent's wallet was found on the decedent's person at the hospital.

In the State's response to the habeas petition, the State sets forth facts from the record as to a witness' testimony that she saw the petitioner search the decedent's body after the decedent was shot.  The witness, Ms. Davis, also testified that the victim's wallet had been taken, but that he did not lose any money because the victim kept his money in his longjohns.  The State also cites police testimony at trial in which it was stated

that money, narcotics, keys and a watch were recovered from the decedent at the scene, but no wallet was recovered. These factual assertions by the State plainly contradict petitioner's argument that there was no basis for a felony murder or robbery conviction.

Summary judgment is appropriate in a habeas proceeding, as in other cases, when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(e).

As demonstrated above, there is clearly a genuine issue of material fact in this case that precludes summary judgment in petitioner's favor. Therefore, petitioner is not entitled to summary judgment and his motion will be denied accordingly.

## CONCLUSION

For the foregoing reasons, this Court concludes that petitioner's motion for summary judgment should be denied because petitioner is unable to demonstrate the absence of a genuine issue of material fact with respect to his claims for habeas relief. An appropriate Order follows.

                                        /s/ Jose L. Linares
                                        United States District Judge

DATED: March 24, 2006